UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO: 3:18-cr-14-J-39JBT

MAX JOHNNY WESLEY                   ORDER ON MOTION FOR
                                                          SENTENCE REDUCTION UNDER
                                                          18 U.S.C. § 3582(c)(1)(A)

## O R D E R

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant Max Johnny Wesley is a 25-year-old inmate incarcerated at Coleman Low FCI, serving a 48-month term of imprisonment for conspiracy to commit wire fraud, access device fraud, and aggravated identity theft. (Doc. 78, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on June 14, 2021. Wesley seeks compassionate release because of the Covid-19 pandemic, because he has asthma, and because he tested positive for Covid-19 on September 16, 2020. (Doc. 98, Motion).

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL

2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Wesley has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. According to the Centers for Disease Control (CDC), those who have moderate-to-severe asthma might be at increased risk for severe infection from coronavirus, which is distinct from the medical conditions that the CDC confirms increase the risk of severe infection.[1] Although the record supports Wesley's assertion that he has asthma (Doc. 98-1 at 6), it is not clear whether his asthma falls into the moderate-to-severe category.

Moreover, as Wesley recognizes, he tested positive for Covid-19 in September. According to medical records, Wesley first tested positive on September 16, 2020, after which he was placed in isolation and evaluated on a near-daily basis. (Doc. 99-1, Medical Records). Wesley remained asymptomatic the entire time he was monitored. After spending at least 10 days in isolation, and showing no symptoms during that time, the Covid-19 infection was considered resolved as of September 28, 2020. (See id. at 25).

Wesley fears he may suffer a delayed reaction to Covid-19. However, that concern is only speculative. At age 25, Wesley is young and in relatively good health. According

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

to the Presentence Investigation Report (PSR) prepared in December 2018, Wesley's health was reported as "good," with "no history of serious illnesses or hospitalizations." (Doc. 75, PSR at ¶ 79). The only condition identified was asthma. (Id.). As such, Wesley is unlikely to be at serious risk of complications from Covid-19.

Having recovered from coronavirus, it is uncertain whether Wesley is now immune to the virus or whether he is susceptible to reinfection. Early data suggests that reinfection is possible, but that it is rare, with fewer than five cases of reinfection confirmed out of 38 million Covid-19 infections globally.[2] But whether or not Wesley might be susceptible to reinfection, his recovery is significant because it demonstrates his ability to tolerate and recover from coronavirus. As such, after taking Wesley's asthma, age, and overall health into account, the Court concludes that Covid-19 does not justify compassionate release. See United States v. Johnson, No. 8:11-cr-12-T-27AEP, 2020 WL 6134668, at *2 (M.D. Fla. Oct. 19, 2020) (finding that movant had not demonstrated extraordinary and compelling reasons for compassionate release where he tested positive for Covid-19 but was asymptomatic); United States v. Thomas, No. 8:10-cr-438-T-33AAS, 2020 WL 4734913, at *2-3 (M.D. Fla. Aug. 14, 2020) (same where movant had flu-like symptoms from Covid-19).[3]

---

[2] "Coronavirus Reinfections are Real, but Very, Very Rare," Oct. 13, 2020. https://www.nytimes.com/2020/10/13/health/coronavirus-reinfection.html.

[3] The Court recognizes there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(D). See United States v. Brooker, — F.3d —, No. 19–3218–CR (2d Cir. Sept. 25, 2020), Slip Op. at 12. The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had independent authority to identify extraordinary and compelling reasons.

Because the Court finds that Wesley has not shown "extraordinary and compelling" reasons under § 3582(c)(1)(A), it need not address whether Wesley is a danger to the community, U.S.S.G. § 1B1.13(2), or whether the sentencing factors under 18 U.S.C. § 3553(a) warrant a sentence reduction, see id., § 3582(c)(1)(A).

Accordingly, Defendant Max Johnny Wesley's Motion for Compassionate Release (Doc. 98) is **DENIED**.[4] Wesley's Motion to Appoint Counsel (Doc. 100) is likewise **DENIED**. A movant under § 3582(c)(1) has no right to counsel, and the interests of justice do not support the appointment of counsel here. See United States v. Cain, No. 19-12761, 2020 WL 5417542, at *5 (11th Cir. Sept. 10, 2020).

**DONE AND ORDERED** at Jacksonville, Florida this 16th day of November, 2020.

BRIAN J. DAVIS
United States District Judge

Lc 19

Copies:
Counsel of record
Defendant

---

[4] To the extent Wesley requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).

4